UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MELANICE BRISCO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| v. | ) | |
| | ) | Formerly Case No. 2020 L 007115 |
| METROSOUTH MEDICAL CENTER, and | ) | Circuit Court of Cook County, Illinois |
| DR. ARLETTE F. BROWN, M.D., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL OF A CIVIL ACTION AND
## SUBSTITUTION OF THE UNITED STATES AS DEFENDANT

To:  Iris Martinez                              Elrabadi Law
     Clerk of the Circuit Court                 22 W. Washington Street
     Richard J. Daley Center, Room 1001         Suite 1500
     50 West Washington Street                  Chicago, Illinois 60602
     Chicago, Illinois 60602

The United States, by its attorney, John R. Lausch, Jr., United States Attorney for the

Northern District of Illinois, submits this notice of removal of the above-captioned civil action

from the Circuit Court of Cook County, Illinois, to the United States District Court, Northern

District of Illinois, pursuant to 42 U.S.C. § 233, and in support thereof states the following:

1.      On July 6, 2020, plaintiff Melanice Brisco commenced the above civil action

against Dr. Arlette Brown, M.D. and Metrosouth Medical Center alleging medical malpractice. A

copy of the state court complaint is attached as Exhibit A.  For purposes of this lawsuit, Metrosouth

Medical Center is a private entity that receives grant money from the Public Health Service

pursuant to 42 U.S.C. § 254b and was deemed to be an employee of the Public Health Service

pursuant to 42 U.S.C. § 233. Exhibit B. In addition, Dr. Arlette Brown, M.D. was acting within

the scope of her employment at Metrosouth Medical Center with respect to the incidents referred to in the complaint. *Id.*

2.      This notice of removal is filed in accordance with 42 U.S.C. § 233 upon certification by the designee of the Attorney General of the United States that defendant Dr. Arlette Brown, M.D. was acting within the scope of her employment at Metrosouth Medical Center with respect to the incidents referred to in the complaint.  Exhibit B.

3.      This notice of removal may be filed without bond at any time before trial. 42 U.S.C.§ 233(c).  Trial has not yet been had in this action.

4.      Pursuant to the certification by the Attorney General's designee and the filing of this notice of removal, under 28 U.S.C. § 233(c), this civil action is deemed an action against the United States, and the United States is substituted as the sole federal party defendant in place of defendants Dr. Arlette Brown, M.D., and Metrosouth Medical Center.

WHEREFORE, this action now pending in the Circuit Court of Cook County, Illinois, is properly removed to this court pursuant to 42 U.S.C. § 233, and the United States is substituted as the defendant in lieu of Dr. Arlette Brown, M.D. and Metrosouth Medical Center.

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ Paraisia Winston Gray
      PARAISIA WINSTON GRAY
      Assistant United States Attorney
      219 South Dearborn Street
      Chicago, Illinois 60604
      (312) 469-6008
      paraisia.winston.gray@usdoj.gov

**Certificate of Service**

The undersigned Assistant United States Attorney hereby certifies that in accordance with

Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF), the following

document:

NOTICE OF REMOVAL AND SUBSTITUTION

was served pursuant to the district court's ECF system as to ECF filers, if any, and was sent by

first-class mail on April 12, 2021 to the following non-ECF filers:

> Elrabadi Law
> 22 W. Washington Street
> Suite 1500
> Chicago, IL 60602

> s/ Paraisia R. Winston Gray
> PARAISIA R. WINSTON GRAY
> Assistant United States Attorney
> 219 South Dearborn Street
> Chicago, Illinois 60604
> (312) 469-6008
> paraisia.winston.gray@usdoj.gov

noa2120 - Served ~~2121 - Served~~
2220 - Not Served          2221 - Not Served
2320 - Served by Mail      2321 - Served by Mail
2420 - Served by Publication   2421 - Served by Publication
SUMMONS                    ALIAS SUMMONS                          CCG-N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MELANICE BRISCO,

      **Plaintiff,**

    **vs.**                                    No.: **2020 L 007115**

METROSOUTH MEDICAL CENTER, and DR.          **PLEASE SERVE:**
ARLETTE F. BROWN, M.D.,                      ARLETTE BROWN, MD
                                             152 W. LINCOLN HIGHWAY
      **Defendants.**                  CHICAGO HEIGHTS, IL 60411

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process.
Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint**.

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit** https://efile.illinoiscourts.gov/service-providers.htm **to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit** http://www.illinoiscourts.gov/FAQ/gethelp.asp.

WITNESS, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2020

10/7/2020 12:58 PM DOROTHY BROWN
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Clerk of Court.

Name: **ELRABADI LAW**
Attorney for: **Plaintiff**          Date of service: . . . . . . . . . . . . . . . . . . . . . . . . . . 2020
Address: **22 W. Washington Street, Suite 1500**   (To be inserted by officer on copy left with
City: **Chicago, Illinois 60602**                  defendant or other person)
Telephone: **(312) 444-9606**
Atty. No.: **41125**

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY**

Richard J. Daley Center
50 W. Washington
Chicago, IL 60602
*Law Division Room 801
 Chancery-Divorce Division Room 802
 County Division Room 801
 Probate Division Room 1202

FILED
7/6/2020 12:00 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

#41125                                                          NHE

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| **MELANICE BRISCO** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | No.: 2020L007115 |
| | ) | |
| vs. | ) | |
| | ) | |
| **METROSOUTH MEDICAL CENTER, and** | ) | |
| **DR. ARLETTE F. BROWN, M.D.** | ) | |
| **Defendants,** | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, MELANICE BRISCO, by and through her attorney, ELRABADI LAW complaining of the Defendants, METROSOUTH MEDICAL CENTER, and DR. ARLETTE F. BROWN, M.D. for Complaint at Law filed pursuant ILCS 735 §5/2-616 and with leave of Court, and supported by medical affidavits filed pursuant to 735 ILCS 5/2-622, states as follows:

## FACTS COMMON TO ALL COUNTS

1. Plaintiff MALENICE BRISCO at all relevant times is a resident of the City of Chicago, County of Cook, State of Illinois.

2. Defendant METROSOUTH MEDICAL CENTER (hereinafter referred to as METROSOUTH) was a medical hospital doing business and licensed to

operate in the Village of Blue Island, County of Cook, State of Illinois located at 12935 S. Gregory Street Blue Island, Illinois.

3. Defendant, Dr. ARLETTE BROWN, M.D. (hereinafter referred to as Dr. Brown) was a duly licensed medical practitioner licensed to practice medicine in the State of Illinois through various facilities including METROSOUTH HOSPITAL. She is board-certified in Obstetrics and Gynecology.

4. From time to time and before July 6, 2018, MALENICE BRISCO would seek care from her providers for various health care issues, including of significance, pelvic pain, bleeding, and other symptoms associated with a diagnosis of endometriosis.

5. That all relevant times, Plaintiff MELANICE BRISCO (hereinafter referred to as BRISCO) was a then 35 year old female patient and mother of four, with a history of Cesarian section, tubal ligation but no other relevant medical history.

6. BRISCO was admitted to METROSOUTH as an out-patient surgical candidate on July 6, 2018 to remove endometrial lesions laparoscopically with a potential for surgical intervention.

7. That all relevant times DR. BROWN was a physician practicing in Obstetrics, Surgery and Gynecology at METROSOUTH and Access

Community Health Center, and was at all relevant times the treating doctor, retained to monitor the health and wellness of plaintiff MELANICE BRISCO.

8. That at all relevant times hereto, it was the duty of DR. BROWN to render a specialized degree of obstetric, surgical skill and medical care to her patients, as would be ordinarily be exercised in similar circumstances and document known risks.

9. That at all relevant times hereto it was the duty of DR. BROWN and her staff, co-workers, agents, employees or those agents under her orders at METROSOUTH to render a specialized degree of obstetric skill and medical care as would be ordinarily be exercised in similar circumstances.

10. That at all relevant times hereto it was the duty of DR. BROWN and staff, agents, employees or those agents under her direction at METROSOUTH where she is privileged to render a specialized degree of obstetric skill and medical care as would be ordinarily be exercised in similar circumstances.

11. That at all relevant times, DR. BROWN was entrusted with conducting examinations, monitoring the Plaintiff, performing laparoscopic procedures safely, diagnosing the patient properly, performing surgical procedures and monitoring her aftercare.

3

12. Upon information and belief, DR. BROWN neglected to properly perform the laparoscopically procedure properly, and as a result BRISCO suffered from blood loss, blood clots, infection, weakness, organ disfunction and poor post-operative care requiring subsequent corrective and life-saving surgery.

13. That prior to and upon the arrival of BRISCO to METROSOUTH, DR. BROWN failed to take proper measures to coordinate care with medical staff and providers, as to possible risks when treating BRISCO requiring admission to the emergency room at Franciscan Heatlh Chicago Heights Hospital.

14. That prior to and upon the arrival of BRISCO to Franciscan Heatlh Chicago Heights Hospital DR. BROWN failed to take proper measures to coordinate care to appropriate treatment with Franciscan Heatlh Chicago Heights Hospital medical staff and providers requiring emergency transport back to METROSOUTH.

15. That METROSOUTH ignored the signs and symptoms of distress or decline and the medical needs of BRISCO and failed to appreciate the risks and symptoms post operatively yet discharged her unsafely.

16. That DR. BROWN failed to appreciate and further ignored the complaints and medical needs of BRISCO which included complaints DR. BROWN directly when she presented with symptoms at METROSOUTH.

17. DR. BROWN negligently failed to appreciate the likelihood of bleeding, pain or damage to BRISCO'S organs, when DR. BROWN prematurely discharged patient.

18. On July 7, 2018, BRISCO felt severe abdominal pain that evening and for hours following the procedure, and the following morning, BRISCO'S physical condition and symptoms worsened. She presented to the emergency room of a nearby hospital Franciscan Health Chicago Heights, where she was advised that her organs were shutting down, and underwent emergency blood transfusions and plasma transfusions.

19. Upon further examination it was revealed that BRISCO had dangerous blood clot that required emergency excision.

20. Upon admission and evaluation at Franciscan Health she was diagnosed with an obstetric hematoma, the result of a complication of the gynecological surgery at the hands of DR. BROWN.

21. At Franciscan Health, BRISCO was treated with Norco, and diagnosed with obstetric hematoma the following day upon information and belief arose

from a bleeding lacerations related to operative and laparoscopic procedure or injury to a blood vessel or incision of the surrounding tissue.

22. BRISCO had abdominal distension and a CT scan which showed iatrogenic free air with increasing hemorrhage. This finding in a CT scan is associated with a perforation.

23. This subsequent procedure was refused at Franciscan Health Chicago Heights and its' staff surgeons and ob/gyn declines to re-open her wounds, and she was transported via ambulance to METROSOUTH HOSPITAL where DR. BROWN re-operated on BRISCO.

24. DR. BROWN advised BRISCO that an "incision did not close properly" leading to her condition of distress. BROWN removed a 12-centimeter blood clot from her abdomen.

25. DR. BROWN, re-opened old Cesarian section scars with a surgical blade to remove her blood clot.

26. BRISCO'S scars worsened and keloids formed. Said scars continue to cause painful and discomfort, and are large and unsightly.

27. That upon emergency re-admission to METROSOUTH, BROWN underwent said second procedure on an emergency basis for a life-threatening condition.

28. That BRISCO is and was an Illinois Medicaid beneficiary and this was known to defendant providers including DR. BROWN.

## COUNT I –MEDICAL NEGLIGENCE
## METROSOUTH MEDICAL CENTER

29. Plaintiff incorporates and re-alleges allegations enumerated in 1-29.

30. Plaintiff MELANICE BRISCO, presented to METROSOUTH to undergo laparoscopic diagnosis and treatment of endometriosis.

31. At that time, she was under the care of DR. BROWN, on two separate occasions July 6, 2018 and July 7, 2018.

32. Upon presentment to METROSOUTH plaintiff was admitted for out-patient procedure and prematurely discharged by its privileged doctor, DR. BROWN is privileged.

33. That during the period of time from the care of treatment METROSOUTH employed DR. BROWN to operate in, and under the laws of the State of Illinois, to provide obstetric and general health care and treatment to the general public, including the Plaintiff.

34. That on or around July 7, 2018 and July 8, 2018 METROSOUTH allowed DR. BROWN to operate on the premises and at those relevant times she deviated from the standard of care when she failed to safely perform out patient procedures and post operative care to plaintiff.

7

35. That little to no post-operative diagnostics were performed which was a standard routine examination or CT scan to monitor blood levels, abdominal function or blood level of patient situated as BRISCO.

36. This deviation of failure to safely operate and monitor the patient post-operatively caused the patient's perforation and obstetric hematoma subjecting her to pain, and a second procedure to remove said hematoma.

37. That the Defendant, METROSOUTH contracts with and retains DR. BROWN, a duly licensed medical professional, and its agents, servants and employees, together failed to exercise ordinary care in the administration of obstetric, gynecological and general hospital care to MELANICE BRISCO, in one or more of the following acts or omissions to act:

> (a) failed to properly staff and train its' employees and independent contractors to timely treat and diagnose complications of this procedure;
>
> (b) failed to appropriately monitor the MELANICE BRISCO during her procedure and post operatively;
>
> (c) failed to acknowledge urgency of complaints and symptoms, including but not limited to, increasing abdominal pain, blood loss, hemorrhaging, vomiting and distention of the abdomen;
>
> (d) improperly failed to immediately assist plaintiff upon complaints until plaintiff sought care at a different hospital where she required blood transfusion and other life saving measures;

e) was neglectful otherwise careless and negligent and deviated from the surgical standard of care generally and due to insufficient staffing, training and post-operative policies and procedures were overall disregarding the care of this patient.

38. That as a direct and proximate result of the conduct of the Defendant, METROSOUTH and of its agents, servants and employees, and each of them, the Plaintiff developed complications which caused, or contributed to pain and suffering, second surgical procedure, scarring, and continues to suffer.

WHEREFORE, the Plaintiff, MELANICE BRISCO, prays this Court for judgment in her favor, and against the Defendant, METROSOUTH in an amount in excess of $50,000.00, plus the costs.

## COUNT II-MEDICAL NEGLIGENCE
## DR. ARLETTE F. BROWN

39. Plaintiff incorporates by reference allegations enumerated in 1-29.

40. That METROSOUTH and DR. BROWN were engaged in contract allowing DR. BROWN medical privileges at METROSOUTH and to perform surgeries there.

41. That upon information and pertinent medical records plaintiff alleges that there is an understanding that METROSOUTH had knowledge that DR. BROWN was plaintiff's obstetrician gynecologist, and that DR. BROWN is privileged at METROSOUTH.

9

42. That the continued same day or premature discharges were agreed upon by DR. BROWN and METROSOUTH to the detriment of BRISCO.

43. That when BRISCO was laparoscopically and surgically operated upon in this elective procedure, she was not fully able consent to discharge.

44. That pursuant to *res ipsa loquitor*, it is clear that the perforation and discharge same day, was a deviation from the surgical standard of care.

45. That as a direct or proximate cause of deviation from the standard of care BRISCO suffered serious and permanent injuries, and prolonged physical and mental pain and scarring.

> (a) failed to safely perform laproscopic and surgical removal of endometrial tissue;
> (b) failed to assess post-operatively and timely treat and diagnose complications;
>
> (c) failed to appropriately monitor BRISCO during her procedure to avoid perforations and lacerations.
>
> d) failed to acknowledge urgency of complaints and symptoms, including but not limited to, increasing abdominal pain, hemorrhaging, blood loss and vomiting;
> e) improperly and prematurely discharged patient same day, requiring plasma, blood transfusion, additional diagnostics, CT, and surgical intervention;
> f) Failed to appreciate and acknowledge that a perforation or laceration occurred;
> g) Failed to note and document known risks of the procedure to patient;
> h) Re-opened older c-section wounds in second procedure causing further scarring and forcing BRISCO to undergo dangerous life threatening procedure;
> i) Perforated the abdomen following initial procedure when she deviated from the standard of care.

WHEREFORE, the Plaintiff, MELANICE BRISCO, prays this Court for judgment in her favor and against the Defendant DR. BROWN in an amount in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus the costs.

### COUNT III
### METROSOUTH VICARIOUS LIABILITY

61. That the Defendant, **METROSOUTH**, a duly licensed hospital and medical provider and employed professionals, and its agents, servants and employees, and each of them, failed to exercise ordinary care in the administration of hospital care to MELANICE BRISCO, in one or more of the following acts or omissions to act:

> (a) failed to properly vet DR. BROWN and monitor her performance and safety;
>
> (b) failed to appropriately fund and appropriately staff its' facility to allow MELANICE BRISCO appropriate number of staff and personnel during her procedure and after ;
>
> (c)   Had in effect a same day surgery protocol which allows hospital to save funds and earn a profit;
>
> (d) allowed its staff like DR. BROWN to perform same day surgery related to severe endometriosis complaints;
>
> (e) were otherwise careless and negligent in hiring and training DR. BROWN in her care and treatment of BRISCO.

WHEREFORE, the Plaintiff, MELANICE BRISCO, prays this Court for judgment in her favor and against the Defendant, **METROSOUTH** in an amount in excess of FIFTY THOUSAND ($50,000.00) DOLLARS, plus the costs.

ELRABADI LAW

By: _____
One of Plaintiffs' Attorneys

ELRABADI LAW
Attorneys for Plaintiffs
22 W. Washington Street Suite 1500
Chicago, Illinois 60602
(312) 444-9606
(312) 896-9185 efax
nhe@elrabadilaw.com
Atty. No. 41125

12

#41125

FILED
7/6/2020 12:00 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
9662108

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

MALENICE BRISCO           )
          )
          )    **2020L007115**
     Plaintiff,    )  No.:
          )
  vs.         )
          )
METROSOUTH MEDICAL CENTER  )
DR. ARLETTE BROWN, M.D.    )
          )
          )
     Defendants,  )

### ATTORNEY AFFIDAVIT PURSUANT TO 735 ILCS 5/2-622(a)(2)

Naderh H. Elrabadi, being first duly sworn, states as follows:

1. The affiant is an attorney for Plaintiff, Malenice Brisco.

2. That affiant was unable to finalize a consultation required by paragraph (1) because the statute of limitations under this action was set to expire when I was retained to represent Plaintiff.

3. The affiant has made a request for examination of records on behalf of the Plaintiff.

4. Records are being examined by an Obstetrics and Gynecological Surgeon as the issues are very specific.

5. Due to the recent pandemic access to medical doctors and experts has been more challenging to secure, and responsiveness of said providers is longer than typical.

6. The claims involve allegations of res ipsa loquitor, and the filing of this important medical malpractice action are brought in good faith.

7. Plaintiff has tendered all of the necessary records to Medical Consultants was awaiting the health professional 2-622(a)(1) affidavit pursuant to the Illinois Code of Civil Procedure and ILCS 1/109.

*Naderh Elrabadi*
Attorney for Plaintiff

ELRABADI LAW
22 West Washington Street
Suite 1500
Chicago, IL 60602
312-444-9606 main
312-896-9185 e-fax
nhe@elrabadilaw.com
#41125

## **CERTIFICATION**

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint in *Melanice Brisco v. MetroSouth Medical Center and Dr. Arlette F. Brown, M.D.*, No. 2020 L 007115 (Circuit Court of Cook County, Illinois), and all attachments thereto. On the basis of the information now available, I find that at the relevant times, Access Community Health Network was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 254b and was deemed to be an employee of the Public Health Service pursuant to 42 U.S.C. § 233. Further, I certify that Arlette F. Brown, M.D., was acting within the scope of her employment at Access Community Health Network with respect to the incidents referred to in the complaint. Accordingly, for purposes of the above case, Arlette F. Brown, M.D., is deemed to be an employee of the United States pursuant to 42 U.S.C. § 233, for federal statutory tort purposes only.

         s/ Thomas P. Walsh
         THOMAS P. WALSH
         Chief, Civil Division
         Office of the United States Attorney
            for the Northern District of Illinois

Date: March 30, 2021